Order Form (01/2005)

# United States District Court, Northern District of Illinois



| Name of Assigned Judge or Magistrate Judge | Charles R. Norgle | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 4565 | **DATE** | 5/15/2013 |
| **CASE TITLE** | Board of Trustees of the Automobile Mechanics' Local No. 701 Union and Industry Pension Fund vs. ULT Services L.P., et al. | | |

**DOCKET ENTRY TEXT**

Plaintiff Board of Trustees of the Automobile Mechanics' Local No. 701 Union and Industry Pension Fund's Second Motion for Judgment on the Pleadings [30] is granted. Judgment is entered in favor of Plaintiff. This case is terminated.

■ [ For further details see text below.]

Docketing to mail notices.

## STATEMENT

Plaintiff Board of Trustees of the Automobile Mechanics' Local No. 701 Union and Industry Pension Fund ("Plaintiff") sues Defendants ULT Services L.P and United Lift Truck, Inc. ("Defendants") for unpaid interim withdrawal liability of quarterly installments pursuant to the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001, *et seq.* Before the Court is Plaintiff's Second Motion for Judgment on the Pleadings pursuant to Federal Rule of Civil Procedure 12(c). For the following reasons, the motion is granted.

Rule 12(c) provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). "A motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) is designed to provide a means of disposing of cases when the material facts are not in dispute and a judgment on the merits can be achieved by focusing on the content of the pleadings and any facts of which the court may take judicial notice." Felsenthal v. Travelers Prop. Cas. Ins. Co., No. 12 C 7402, 2013 WL 469475, at *1 (N.D. Ill. Feb. 7, 2013) (internal quotation marks and citations omitted). "[Courts] review Rule 12(c) motions by employing the same standard that applies when reviewing a motion to dismiss for failure to state a claim under Rule 12(b)(6)." Buchanan-Moore v. Cnty. of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009) (citation omitted). "Thus, [courts] view the facts in the complaint in the light most favorable to the nonmoving party and will grant the motion 'only if it appears beyond doubt that the plaintiff cannot prove any facts that would support his claim for relief.'" Id. (quoting N. Ind. Gun & Outdoor Shows, Inc. v. City of South Bend, 163 F.3d 449, 452 (7th Cir. 1998).

Under the Multiemployer Pension Plan Amendments Act of 1980 ("MPPAA"), "an employer who withdraws from a multi-employer pension plan must pay its pro rata share of the plan's unfunded vested liability." Cent. States, Se. & Sw. Areas Pension Fund v. Waterland Trucking Serv., Inc., 375 F. Supp. 2d 684, 685 (N.D. Ill. 2005). An employer contesting a plan's assessment or calculation of withdrawal liability is required to do so in the first instance before an arbitrator, not the courts. Fort Transfer Co. v. Cent. States, Se. & Sw. Areas Pension Fund, No. 06 C 3529, 2007 WL 707545, at *4 (N. D. Ill. Mar. 2, 2007) ("'Any dispute between an employer and the plan sponsor of a multiemployer plan concerning a determination made under sections 1381 through 1399 . . . shall be resolved through arbitration.'" (quoting 29 U.S.C. § 1401(a)(1))). Under the MPPAA's "pay now, fight later regime" an employer is required "to make interim payments in accordance with the schedule set forth by the plan sponsor . . . notwithstanding any request for review or appeal of determinations of the amount of such liability or of the

schedule." Nat'l Shopmen Pension Fund v. DISA Indus., Inc., 653 F.3d 573, 576 (7th Cir. 2011) (internal quotation marks and citation omitted).

Here, Defendants admit the following facts: (1) Defendants were "a signatory to a collective bargaining agreement with the Automobile Mechanics' Local Union No. 701 which requires it to submit contributions to [Plaintiff] on behalf of its employees working in covered employment," Def.'s Answer to First Am. Compl. ¶ 11; (2) "Defendants admit that after Plaintiff claimed it determined [Defendants] had withdrawn from the pension fund, [Defendants] ceased contributing to the pension fund," id. ¶ 12; (3) Plaintiff determined that Defendants "had completely withdrawn from the pension fund," id. ¶ 13; (4) Plaintiff sent Defendants notice and demand for payment, along with a payment schedule, in accordance with 29 U.S. C. § 1399, id. ¶¶ 15, 16; and (5) before filing suit to recover interim quarterly installments, Plaintiff sent Defendants a notice to cure the default, id. ¶ 17.

Plaintiff alleges that, based on the above admissions, it has met all procedural and statutory requirements to collect the interim payments, and therefore is entitled to judgment on the pleadings. Defendants argue that they are not liable for interim withdrawal liability payments because they never actually withdrew from the fund. "It is, of course, true that withdrawal liability does not arise until a withdrawal has occurred, but whether and when there has been a withdrawal is part of the merits, which, under the MPPAA, must be resolved in arbitration." Cent. States. Se. & Sw. Areas Pension Fund v. Bomar Nat'l, Inc., 253 F.3d 1011, 1015 (7th Cir. 2001). Accordingly, Defendants argument, in the first instance, should be made before an arbitrator, not this Court.

In any event, Defendants' argument is not a defense to the assessment of interim payments. The Seventh Circuit "has strictly limited the situation in which an employer could avoid interim liability: the employer must establish 1) that the pension fund's claim is frivolous and 2) that imposing interim liability would cause irreparable harm." Id. at 1019. Defendants have alleged neither defense and therefore cannot avoid interim liability while the ultimate determination is pending in arbitration. See Cent. States, Se. & Sw. Areas Pension Fund v. Hunt Truck Lines, Inc., 204 F.3d 736, 739 (7th Cir. 2000) ("[T]he employer must pay interim withdrawal liability payments until the arbitrator reaches a final decision. Under this pay now, dispute later scheme, if the employer wins it recovers its interim payments; if not, the fund collects the remainder of the withdrawal liability." (internal quotation marks and citation omitted)).

For the foregoing reasons, Plaintiff's motion for judgment on the pleadings is granted. The Court enters judgment in favor of Plaintiff.

IT IS SO ORDERED.

